IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHNNIE LEE JONES                                                                   PLAINTIFF

vs.                                          NO: 3:07CV00130 BSM

USF HOLLAND, INC.                                                                DEFENDANT

## ORDER

Pending before the court is defendant's motion to quash the depositions of Dr. Ajay K. Bindal and Dr. Steven E. Nolan [Doc. No. 45]. Defendant contends that plaintiff seeks discovery outside the discovery cutoff date. Plaintiff has not responded to the motion.

By order dated February 18, 2009, the court extended the discovery deadline to March 9, 2009. The parties agreed to extend discovery of retained experts through March 20, 2009. On March 11, 2009, plaintiff served defendant with notices of intention to take the oral/video depositions of Dr. Ajay K. Bindal on March 18, 2009 and Dr. Steve E. Nolan on March 19, 2009. The parties agreed to postpone the depositions until the court ruled on the motion.

Defendant asserts that neither of the doctors has been retained by plaintiff as an expert in this lawsuit, and they have not prepared, offered, or provided a written report required by Fed. R. Civ. P. 26(a)(2)(B). Defendant does not claim that plaintiff failed to designate the physicians as witnesses.

Treating physicians have been termed "hybrid" fact/expert witnesses. *Garza v. Roger Henson Trucking, L.L.C.,* No: 7:05CV5001, 2006 WL 1134911, *1(D Neb. Apr. 26, 2006) (citing cases) There are divergent views on whether a treating physician is required to provide

an expert report under Rule 26(a)(2)(B). *Kirkham v. Societe Air France*, 236 F.R.D. 9, 11 (D. D. C. 2006) (citing cases). The majority of courts have found that to the extent a treating physician testifies only to the care and treatment of his patient, the physician is not considered an expert from whom a Rule 26(a)(2)(B) report is required. *Id.; see Garza,* 2006 WL 1134911 (discussing cases). Less clear is under what circumstances a court would require a Rule 26(a)(2)(B) report. Some courts have found that if the testimony of the treating physician goes beyond the scope of treatment, and testifies as to causation, prognosis and permanency, a Rule 26(a)(2)(B) is required. *Kirkham*, 236 F.R.D. at 11-13 (discussing cases).

What is clearer is that a treating physician is regarded as an expert even if he or she testifies as to treatment. *See* Advisory Committee's Notes, 1193 Amendment to Rule 26(a)(2) (treating physician can be deposed or called to testify at trial without requirement for written report); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F. R. D. 591, 594 (D. Neb. 1995) (Advisory notes allow physician to testify as an expert to treatment given).

Given the parties' stipulation to extend expert discovery to March 20, 2009, the court finds that the scheduled depositions of the treating physicians are timely. As the time for taking the depositions has passed, the court grants plaintiff an additional twenty days from the date of this order to schedule the two depositions.

Accordingly, the motion to quash the depositions [Doc. No. 45] is denied.

IT IS SO ORDERED this 3rd day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE