IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHNNIE LEE JONES                                                         PLAINTIFF

vs.                                      NO: 3:07CV00130 BSM

USF HOLLAND, INC.                                                       DEFENDANT

## ORDER

Pending before the court are a number of motions. The court has reviewed the record and finds as follows:

I.

The motion of defendant, USF Holland, Inc., to strike Rita Marshall from the plaintiff's witness list [Doc. No. 52] is denied.

This lawsuit arises from an October 19, 2004 accident between plaintiff and defendant's employee in Marion, Arkansas. Plaintiff filed his complaint on September 19, 2007, and defendant answered on October 9, 2007. Defendant contends that plaintiff did not properly identify Marshall, the passenger in plaintiff's vehicle at the time of the accident, as a witness until April 20, 2009, when plaintiff supplemented his pre-trial disclosure sheet. Plaintiff noted that Marshall had recently moved and that he would supplement the response with Marshall's current address and phone number. In his second supplemental pre-trial disclosure sheet filed April 30, 2009, plaintiff provided information regarding the location of Marshall.

Plaintiff claims that he provided Marshall's name in response to interrogatories that were propounded to him in February 2008. In his responses, he listed Marshall as someone with knowledge of the accident and that he provided the additional information when he learned of it. He states that he will make Marshall available to defense counsel for deposition or interview prior to trial.

Although the court denies the motion to strike Marshall, plaintiff is ordered to make Marshall available to defendant before trial.

II.

Defendant's motion for sanctions for plaintiff's failure to notify defendant of the cancellation of Dr. Ajay K. Bindal's deposition [Doc. No. 53] and plaintiff's motion to extend the expert discovery deadline [Doc N. 57] are denied.

Defendant states that plaintiff noticed the deposition of Dr. Bindal for April 22, 2009, beginning at 12:00 noon. Defendant's counsel appeared at Dr. Bindal's office in Houston, Texas on time, but was informed that the deposition had been cancelled the day before. Defense counsel states that he never received notice of the cancellation from plaintiff's counsel.

Defense counsel states that he needlessly spent 10 hours of billable time on the deposition, including preparation, and travel. He seeks $2,250.00 as sanctions under Fed. R. Civ. P. 30(g).

In response, plaintiff filed a motion to extend expert discovery. Plaintiff's counsel

states that he appeared at the deposition as noticed but that Dr. Bindal cancelled the deposition. In a somewhat contradictory statement, plaintiff's counsel then states that he did not know of the cancellation until he was on the way to the deposition and defense counsel told him of the cancellation. Plaintiff requests that the expert discovery deadline be extended so that Dr. Bindal's deposition can be taken prior to the May 18, 2009 trial.

Defendant counters that defense counsel was informed by Dr. Bindal's office manager that the deposition had been cancelled the day before, that plaintiff's counsel never appeared on April 22, that plaintiff's counsel answered the telephone when defense counsel called from Dr. Bindal's office, and that the court reporter called Dr. Bindal's office the morning of April 22 to confirm that the deposition had been cancelled.

The conduct of plaintiff's counsel is unexcusable; the court will not impose monetary sanctions against plaintiff for the actions of counsel. Rather the court denies plaintiff's motion to extension of time to obtain the deposition of Dr. Bindal.

### III.

Defendant's motions to strike plaintiff's responses [Doc. No. 72] and [Doc. No. 74] are denied.

Defendant asks that the court strike plaintiff's responses to its motion to strike Marshall and motion for sanctions because plaintiff did not file responses; he merely faxed them to the court. This does not constitute filing under the Federal Rules. Counsel for plaintiff has been informed that he must file documents with the Clerk's office in order for

them to be considered by the court. Further, counsel for plaintiff is admonished that the court will not consider unfiled pleadings.

    IT IS SO ORDERED this 13th day of May, 2009.

                                              */s/ Brian S. Miller*
                                              UNITED STATES DISTRICT JUDGE